IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIO A. QUINTERO, | CASE NO. 1:12-cv-00675-LJO-GSA |
| Plaintiff, | **ORDER ON MOTION TO DISMISS** (Doc. 11) |
| vs. | |
| FRESNO UNIFIED SCHOOL DISTRICT, | |
| Defendant. | |
| _____/ | |

## I. INTRODUCTION

Pro se plaintiff Demetrio A. Quintero ("Mr. Quintero") alleges that Fresno Unified School District Board of Education ("Fresno Unified") discriminated against him based on his race by preventing him from obtaining a sports officiating contract. Mr. Quintero alleges violations of Title VI and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d, 2000e. Now before the Court is Fresno Unified's motion to dismiss Mr. Quintero's complaint in its entirety. The motion is unopposed. Having considered the record and arguments presented, this Court GRANTS Fresno Unified's motion to dismiss with leave to amend.

## II. BACKGROUND

**A. Facts**[1]

---

[1] The background facts are derived from Mr. Quintero's complaint. This Court accepts the factual allegations in Mr. Quintero's complaint as true for purposes of this motion. *See Lazy Y Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

1    Mr. Quintero is a Hispanic Native American male.  He owns an accredited sports officials
2 association called DANSports Officials Association ("DanSports").

3    From October 2008 through January 2010, California Sports Officials Association ("California
4 Sports") provided sports officiating services to Fresno Unified.  Mr. Quintero worked for California
5 Sports during this period as a way to learn about the sports officiating business.  Sometime in 2009, Mr.
6 Quintero informed Fresno Unified that he planned to submit a bid for the sports officiating services
7 contract for the 2010-2011 school year.

8    In May 2010, when Mr. Quintero was preparing his bid, he learned that Fresno Unified was not
9 accepting bids for the 2010-2011 school year.  He further learned that Fresno Unified decided to award
10 the contract to San Joaquin Valley Officials Association ("San Joaquin"), an organization that controlled
11 the contract for sixty years prior to the contract being awarded to California Sports.  Mr. Quintero alleges
12 that Fresno Unified's failure to interview any minority contractors for the 2010-2011 school year
13 contract was intentional.

14    Mr. Quintero further alleges that in early 2011, Fresno Unified restructured its contract with San
15 Joaquin thereby denying him access to the 2011-2012 school year contract.  He alleges that Fresno
16 Unified systematically discriminated against him and violated the spirit of an open, fair, and equal
17 bidding process because information about the availability of the contract was not made available to him,
18 any minority contractors, or the public.  Mr. Quintero further alleges that Fresno Unified Board members
19 engaged in unlawful race discrimination by refusing to investigate the discriminatory practices of its
20 contractor, San Joaquin.

21    In August 2011, Mr. Quintero filed a government tort claim against Fresno Unified for
22 continuing to violate its own anti-discrimination policies by not allowing an open, fair, and equal bidding
23 process. Mr. Quintero also alleged civil rights violations.  In September 2011, Mr. Quintero's claim was
24 denied as time barred.

25 **B. Procedural History**

26    On April 30, 2012, Mr. Quintero filed a pro se complaint with this Court in which he alleged
27 violations of Title VI and Title VII, 42 U.S.C. §§ 2000d, 2000e.  Now before the Court is Fresno
28 Unified's motion to dismiss Mr. Quintero's complaint in its entirety.  The motion is unopposed.  This

2

1   Court found the motion suitable for a decision without oral argument, pursuant to Local Rule 230(g),

2   and vacated the January 17, 2013, hearing date.

### III. LEGAL STANDARD

4         A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) is a challenge to the sufficiency of

5   the allegations set forth in the complaint.  A FED. R. CIV. P. 12(b)(6) dismissal is proper where there is

6   either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable

7   legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In considering a

8   motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the

9   complaint, construes the pleading in the light most favorable to the party opposing the motion, and

10  resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir.

11  2008).

12        To survive a FED. R. CIV. P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts

13  to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

14  (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

15  to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

16  *Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability

17  requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

18  (quoting *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with'

19  a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to

20  relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

21        "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

22  allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more

23  than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

24  *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Thus, "bare assertions . . . amount[ing]

25  to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true."

26  *Iqbal*, 129 S. Ct. at 1951.  A court is "free to ignore legal conclusions, unsupported conclusions,

27  unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm*

28  *Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted).

1  Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to

2  plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing*

3  *Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).  In practice, "a complaint . . . must contain either

4  direct or inferential allegations respecting all the material elements necessary to sustain recovery under

5  some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*,

6  745 F.2d 1101, 1106 (7th Cir. 1984)).  To the extent that the pleadings can be cured by the allegation

7  of additional facts, the plaintiff should be afforded leave to amend.  *Cook, Perkiss and Liehe, Inc. v.*

8  *Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

9        Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."

10  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  Where the plaintiff is pro se, the Court has

11  an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt.  *Bretz*

12  *v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, a pro se plaintiff must still

13  allege facts sufficient to allow a reviewing court to determine that a claim has been stated.  *Ivey v. Bd.*

14  *of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

15  **IV. DISCUSSION**

16  **A. Mr. Quintero's 42 U.S.C. § 2000d Claim**

17  **1. Failure to State a Claim under a "Respondeat Superior" Theory of Liability**

18        Fresno Unified contends that to the extent Mr. Quintero seeks to hold Fresno Unified liable based

19  on the acts of its employees, he fails to state a claim under 42 U.S.C. § 2000d because there is no claim

20  for vicarious liability under Title VI.

21        The Supreme Court addressed this exact issue in the Title IX context in *Gebser v. Lago Vista*

22  *Indep. Sch. Dist.*, 524 U.S. 274 (1998).  Although this case involves a Title VI claim, this Court applies

23  the law set forth in *Gebser* because the Supreme Court and the Ninth Circuit acknowledge that the

24  statutes parallel one another.  *Id.* at 286 (recognizing that Title VI and Title IX parallel one another

25  except that Title VI prohibits race discrimination while Title IX prohibits sex discrimination); *Radcliff*

26  *v. Landau*, 883 F.2d 1481, 1483 (9th Cir. 1989).  In *Gebser*, the Supreme Court determined that an entity

27  may not be held vicariously liable for an employee's conduct under Title IX absent actual notice to one

28  of the entity's officials.  *Gebser*, 524 U.S. at 285.  Accordingly, "a damages remedy will not lie . . .

1    unless an official who at a minimum has authority to address the alleged discrimination and to institute

2    corrective measures on the recipient's behalf has actual knowledge of discrimination in the recipient's

3    programs and fails adequately to respond." *Id*. at 290.  The failure to respond "must amount to deliberate

4    indifference to discrimination." *Id*.

5        Fresno Unified argues that Mr. Quintero's allegations charge individual employees with

6    discriminatory acts without adequately alleging discriminatory conduct by Fresno Unified.  This Court

7    disagrees.  Mr. Quintero alleges that Fresno Unified did not open the bidding process for the 2010-2011

8    school year and that Fresno Unified restructured San Joaquin's contract for the 2011-2012 school year.

9    Presumably, an official with the authority to select a contractor or to restructure a contract also has the

10    authority to address and correct racial discrimination in the bidding and selection process.  Accordingly,

11    Fresno Unified's vicarious liability argument is unpersuasive.

12    **2. Failure to Allege Sufficient Facts**

13        Fresno Unified also contends that Mr. Quintero fails to state a claim under 42 U.S.C. § 2000d

14    because he does not allege facts to show that Fresno Unified engaged in racial discrimination.

15        Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or

16    national origin, be excluded from participation in, be denied the benefits of, or be subjected to

17    discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

18    There are two types of potential liability under Title VI.  A plaintiff "may state a claim for damages

19    pursuant to the statute, for equitable relief pursuant to the regulations or for both."  *Rodriguez v.*

20    *California Highway Patrol*, 89 F. Supp. 2d 1131, 1139 (N.D. Cal. 2000) (citing *Larry P. By Lucille P.*

21    *v. Riles*, 793 F.2d 696, 981-82 (9th Cir. 1984)).  "The statute requires proof of discriminatory intent; the

22    regulations do not." *Id*.

23        "To state a claim for damages under 42 U.S.C. § 2000d *et seq.*, a plaintiff must allege that (1)

24    the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal

25    financial assistance." *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994)

26    (citations omitted), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241

27    F.3d 1131 (9th Cir. 2001).

28        Mr. Quintero proceeds under the statute.  He alleges that Fresno Unified failed to provide him

an equal opportunity to obtain a sports officiating services contract because of his race.  He alleges that

Fresno Unified did not accept bids for the 2010-2011 school year and instead awarded the contract to

San Joaquin and then restructured its contract with San Joaquin to include the 2011-2012 school year,

which prevented him from submitting a bid for both school years.  The deficiency in Mr. Quintero's

claim is that he fails to allege facts to show that Fresno Unified did not accept bids in order to prevent

him from submitting a bid because of his race.  The complaint alleges that Fresno Unified did not accept

any bids for the years in question, which included bids from Caucasian and minority contractors alike.

Mr. Quintero also alleges that Fresno Unified Board Members engaged in racial discrimination

by "intentionally refusing and failing to investigate the discriminatory practices of the contractor, [San

Joaquin] . . ."  (Doc. 1, p. 5).  Mr. Quintero fails to support this claim with facts which show that San

Joaquin engaged in discriminatory practices and that Fresno Unified was aware of these practices and

refused to investigate.  Although Mr. Quintero need only plead a short and plain statement of his claim,

and although this Court must construe his complaint liberally in his favor, Mr. Quintero's complaint

must allege some facts to support his intentional racial discrimination claim.  Mr. Quintero's complaint

fails to allege those facts.

Accordingly, this Court GRANTS Fresno Unified's motion to dismiss Mr. Quintero's first cause

of action with leave to amend.

**B. Mr. Quintero's 42 U.S.C. § 2000e-2 Claim**

Fresno Unified contends that Mr. Quintero fails to state a claim under 42 U.S.C. § 2000e-2

because he fails to allege that he was employed by Fresno Unified.

Title VII forbids an employer from discriminating against its employees on the basis of race.  42

U.S.C. § 2000e-2.  "Title VII protects employees, but does not protect independent contractors." *Adcock*

*v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir. 1999).  Thus, an individual is "entitled to the

protections of Title VII only if she is an employee." *Murray v. Principal Fin. Group, Inc.*, 613 F.3d 943,

944 (9th Cir. 2010).  "Determining whether a relationship is one of employment or independent

contractual affiliation requires a fact-specific inquiry which depends on the economic realities of the

situation." *Adcock*, 166 F.3d at 1292 (internal quotation marks omitted).

Mr. Quintero does not allege that he was employed or attempted to gain employment with Fresno

1  Unified.  Nor does he allege facts that demonstrate the existence of an employment relationship.  Rather,

2  Mr. Quintero alleges that Fresno Unified discriminated against him when his independent business was

3  not awarded a contract.  Because Mr. Quintero does not allege an employment relationship with Fresno

4  Unified, his Title VII claims fail.  *See Murray*, 613 F.3d at 944.

5         This Court GRANTS Fresno Unified's motion to dismiss Mr. Quintero's second cause of action

6  with leave to amend.

7                              **V. CONCLUSION AND ORDER**

8         For the reasons discussed above, this Court GRANTS Fresno Unified's motion to dismiss with

9  leave to amend.  Mr. Quintero shall have one opportunity to amend his complaint.  Any such amended

10  complaint is due within thirty (30) days of electronic service of this order.

11

12

13         IT IS SO ORDERED.

14  **Dated:    January 23, 2013            /s/  Lawrence J. O'Neill**
                                            UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28