1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**
9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11
DEMETRIO A. QUINTERO,                     CASE NO. 1:12-cv-00675-LJO-GSA
12
                    Plaintiff,            **ORDER ON MOTION TO DISMISS**
13      vs.                               **FIRST AMENDED COMPLAINT AND**
                                          **MOTION FOR SANCTIONS; AND**
14   FRESNO UNIFIED SCHOOL DISTRICT,       **JUDGMENT ON SANCTIONS**
                                          (Docs. 20, 27)
15                  Defendant.
16   _____/
17                        **INTRODUCTION**

18          In this action, pro se plaintiff Demetrio A. Quintero ("Mr. Quintero") alleges that Fresno Unified

19   School District Board of Education ("Fresno Unified") discriminated against him based on his race by

20   preventing him from obtaining a sports officiating contract.  Mr. Quintero alleges a Title VI, two Title

21   VII, and a California Public Contracts Code claim.  Now before the Court is Fresno Unified's motion

22   to dismiss Mr. Quintero's first amended complaint in its entirety, pursuant to FED. R. CIV. P. 12(b)(6),

23   and a motion for sanctions.  Having considered the record and arguments presented, this Court

24   VACATES the May 6, 2013, hearing or oral argument; GRANTS Fresno Unified's motion to dismiss;

25   and GRANTS, in part, Fresno Unified's motion for sanctions.

26
27
28
                                            1

**BACKGROUND**

**I. Facts[1]**

Mr. Quintero is of Native American-Hispanic heritage. He owns a sports' officiating business called DANSports. Sometime in 2009, Mr. Quintero informed Fresno Unified that he planned to submit a bid for the sports officiating services contract for the 2010-2011 school year.

In May 2010, when Mr. Quintero was preparing his bid, he learned that Fresno Unified was not accepting bids for the 2010-2011 school year. He further learned that Fresno Unified awarded the contract to San Joaquin Valley Officials Association ("San Joaquin"), a Caucasian owned business that controlled the contract for the previous sixty years. Mr. Quintero alleges that Fresno Unified's failure to interview any minority contractors for the 2010-2011 school year contract was intentional. He also alleges that Fresno Unified was aware of his qualifications and his Native American-Hispanic heritage.

Mr. Quintero further alleges that in early 2011, Fresno Unified restructured its contract with San Joaquin thereby denying him access to the 2011-2012 school year contract as well. He alleges that Fresno Unified systematically discriminated against him and violated the spirit of an open, fair, and equal bidding process because information about the availability of the contract was not made available to him, any minority contractors, or the public. In addition, Mr. Quintero alleges that Fresno Unified is aware that its contractor, San Joaquin, knowingly and deliberately violates Fresno Unified's anti-discrimination polices, contract clauses, state and federal public contract code, and contractor laws.

In August 2011, Mr. Quintero filed a government tort claim against Fresno Unified for continuing to violate its own anti-discrimination policies by not allowing an open, fair, and equal bidding process. Mr. Quintero also alleged civil rights violations. In September 2011, Mr. Quintero's claim was denied as time barred.

**II. Procedural History**

On April 30, 2012, Mr. Quintero filed a pro se complaint in which he alleged violations of Title VI and Title VII, 42 U.S.C. §§ 2000d, 2000e. Fresno Unified filed a motion to dismiss which this Court

---

[1] The background facts are derived from Mr. Quintero's first amended complaint. The Court accepts the factual allegations in Mr. Quintero's first amended complaint as true for purposes of this motion. *See Lazy Y Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

2

granted with leave to amend. This Court gave Mr. Quintero one opportunity to amend his complaint.

On February 15, 2013, Mr. Quintero filed a first amended complaint in which he re-alleged his Title VI and Title VII claims, 42 U.S.C. §§ 2000d, 2000e-2. He raises an additional Title VII claim and a California Public Contracts Code claim. Now before the Court is Fresno Unified's motion to dismiss Mr. Quintero's first amended complaint with prejudice for failure to state a claim. Mr. Quintero opposes the motion. Also, before the Court is Fresno Unified's motion for sanctions. Fresno Unified argues that sanctions are warranted pursuant to FED. R. CIV. P. 11, 28 U.S.C. § 1927, and this Court's inherent power. Fresno Unified requests dismissal with prejudice, an order banning Mr. Quintero from filing further actions based on the same facts and claims, and monetary sanctions in the form of attorney's fees. This Court VACATES the May 6, 2013, hearing or oral argument, pursuant to Local Rule 230(g).

## DISCUSSION

### I. Motion to Dismiss

### A. Legal Standard

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A FED. R. CIV. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a FED. R. CIV. P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with'

3

1   a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to

2   relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

3       "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

4   allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more

5   than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

6   *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Thus, "bare assertions . . . amount[ing]

7   to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true."

8   *Iqbal*, 129 S. Ct. at 1951.  A court is "free to ignore legal conclusions, unsupported conclusions,

9   unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm*

10  *Credit Serv. v. Am. State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted).  Moreover, a court

11  "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead

12  sufficiently all required elements of a cause of action." *Student Loan Mktg. Ass'n v. Hanes*, 181 F.R.D.

13  629, 634 (S.D. Cal. 1998).  In practice, "a complaint . . . must contain either direct or inferential

14  allegations respecting all the material elements necessary to sustain recovery under some viable legal

15  theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106

16  (7th Cir. 1984)).  To the extent that the pleadings can be cured by the allegation of additional facts, the

17  plaintiff should be afforded leave to amend.  *Cook, Perkiss and Liehe, Inc. v. N. California Collection*

18  *Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

19      Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."

20  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  Where the plaintiff is pro se, the Court has

21  an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz*

22  *v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, a pro se plaintiff must still

23  allege facts sufficient to allow a reviewing court to determine that a claim has been stated.  *Ivey v. Bd.*

24  *of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

25  **B. Mr. Quintero's 42 U.S.C. § 2000d Claim**

26      Fresno Unified contends that Mr. Quintero's first cause of action, for violation of 42 U.S.C. §

27  2000d, should be dismissed because Mr. Quintero does not allege any facts to show that Fresno Unified

28  engaged in racial discrimination.

4

1    Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or

2    national origin, be excluded from participation in, be denied the benefits of, or be subjected to

3    discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

4    There are two types of potential liability under Title VI.  A plaintiff "may state a claim for damages

5    pursuant to the statute, for equitable relief pursuant to the regulations or for both." *Rodriguez v.*

6    *California Highway Patrol*, 89 F. Supp. 2d 1131, 1139 (N.D. Cal. 2000) (citing *Larry P. By Lucille P.*

7    *v. Riles*, 793 F.2d 696, 981-82 (9th Cir. 1984)).  "The statute requires proof of discriminatory intent; the

8    regulations do not."  *Id.*  "To state a claim for damages under 42 U.S.C. § 2000d *et seq.*, a plaintiff must

9    allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is

10   receiving federal financial assistance." *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th

11   Cir. 1994) (citations omitted), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare*

12   *Corp.*, 241 F.3d 1131 (9th Cir. 2001).

13   As in Mr. Quintero's prior complaint, he proceeds under the statute.  Mr. Quintero alleges that

14   Fresno Unified failed to provide him an equal opportunity to obtain a sports' officiating services contract

15   because of his race.  He alleges that Fresno Unified's Board Members actively participated in the denial

16   of his civil rights and engaged in unlawful racial discrimination by awarding the 2010-2011 and 2011-

17   2012 school year contracts to San Joaquin, a Caucasian owned business.  Mr. Quintero fails to allege

18   facts to show that Fresno Unified awarded the contract to San Joaquin in order to prevent Mr. Quintero

19   from submitting a bid because of his race.

20   Mr. Quintero also alleges that Fresno Unified Athletic Directors and Board Members denied him

21   his civil rights and engaged in racial discrimination by "intentionally refusing and failing to investigate

22   the discriminatory practices of the contractor, [San Joaquin] . . ." (Doc. 16, p. 5, 6).  Mr. Quintero again

23   fails to support his claim with facts which show that San Joaquin engaged in discriminatory practices

24   and that Fresno Unified was aware of these practices and refused to investigate.  Although Mr. Quintero

25   need only plead a short and plain statement of his claim, and although this Court must construe his

26   complaint liberally in his favor, Mr. Quintero's complaint must allege some facts to support his

27   intentional racial discrimination claim.  Mr. Quintero's complaint fails to allege those facts.

28   Accordingly, this Court GRANTS Fresno Unified's motion to dismiss Mr. Quintero's first cause

5

1    of action.  Because Mr. Quintero was given one opportunity allege sufficient facts and failed to do so,

2    this Court DISMISSES this cause of action WITH PREJUDICE.

3    **C. Mr. Quintero's 42 U.S.C. §§ 2000e-2, 2000e-3 Claims**

4         Fresno Unified argues that Mr. Quintero's second and third causes of action for Title VII

5    violations should be dismissed because Mr. Quintero was acting as an independent contractor and does

6    not allege any facts to show that he was an employee.

7         Title VII forbids an employer from discriminating against its employees on the basis of race,

8    color, religion, sex, or national origin.  42 U.S.C. § 2000e-2.  Title VII also protects employees from

9    retaliation.  42 U.S.C. § 2000e-3.  "Title VII protects employees, but does not protect independent

10   contractors." *Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir. 1999).  Thus, an individual is

11   "entitled to the protections of Title VII only if she is an employee." *Murray v. Principal Fin. Group,*

12   *Inc.*, 613 F.3d 943, 944 (9th Cir. 2010).  "Determining whether a relationship is one of employment or

13   independent contractual affiliation requires a fact-specific inquiry which depends on the economic

14   realities of the situation." *Adcock*, 166 F.3d at 1292 (internal quotation marks omitted).

15        As in Mr. Quintero's prior complaint, he does not allege that he was employed or attempted to

16   gain employment with Fresno Unified.  Nor does he allege facts that demonstrate the existence of an

17   employment relationship.  Rather, Mr. Quintero alleges that Fresno Unified discriminated and retaliated

18   against him by denying his independent business a sports' officiating contract.  Because Mr. Quintero

19   does not allege an employment relationship with Fresno Unified, his Title VII claims fail. *See Murray*,

20   613 F.3d at 944.

21        Accordingly, this Court GRANTS Fresno Unified's motion to dismiss Mr. Quintero's second

22   and third causes of action.  As set forth above, because Mr. Quintero was given the opportunity to cure

23   the deficiency in these causes of action and failed to do so, this Court DISMISSES them WITH

24   PREJUDICE.

25   **D. Mr. Quintero's California Public Contract Code Claim**

26        Fresno Unified contends that Mr. Quintero's California Public Contract Code claim should be

27   dismissed on a number of grounds.  Where all federal claims are dismissed in an action containing both

28   federal and state law claims, a federal court may decline to exercise supplemental jurisdiction over the

1  remaining state law claims.  28 U.S.C. § 1367; *Notrica v. Board of Sup'rs of County of San Diego*, 925

2  F.2d 1211, 1213-14 (9th Cir. 1991); *see also Bryant v. Adventist Health System/West*, 289 F.3d 1162,

3  1169 (9th Cir. 2002).  When a Court dismisses all claims over which it has original jurisdiction and

4  declines to exercise supplemental jurisdiction over the state law claims, the Court is not required to

5  provide an explanation for its decision.  *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001).

6      Accordingly, this Court DECLINES to exercise supplemental jurisdiction over Mr. Quintero's

7  state law claim and will not address it.

8  **II. Motion for Sanctions**

9      Fresno Unified requests sanctions pursuant to FED. R. CIV. P. 11, 28 U.S.C. § 1927, and this

10  Court's inherent power.

11  **A. FED. R. CIV. P. 11 Sanctions**

12      Fresno Unified contends that Rule 11 sanctions are warranted because the factual contentions

13  in Mr. Quintero's first amended complaint lack evidentiary support, his claims are not warranted by

14  existing law, and he filed his first amended complaint for the improper purpose of harassment.

15      Rule 11 requires that pleadings and motions presented to the Court contain factual contentions

16  which have "evidentiary support" and are "warranted by existing law or by a nonfrivolous argument for

17  extending, modifying, or reversing existing law . . ."  FED. R. CIV. P. 11(b)(2)-(3).  Rule 11 also

18  prohibits filings made "for any improper purpose, such as to harass . . ."  FED. R. CIV. P. 11(b)(1).  Case

19  law provides that sanctions must be imposed if "the paper is filed for an improper purpose, or [] the

20  paper is 'frivolous.'"  *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en

21  banc).

22  **1. Frivolous Filing**

23      "The word 'frivolous' does not appear anywhere in the text of [Rule 11]; rather, it is a shorthand

24  that [the Ninth Circuit] has used to denote a filing that is both baseless and made without a reasonable

25  and competent inquiry."  *Id*.  Thus, "[w]here, as here, the complaint is the primary focus of Rule 11

26  proceedings, a district court must . . . determine (1) whether the complaint is legally or factually baseless

27  from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry

28  before signing and filing it."  *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (internal

1   quotation marks omitted).  In the Rule 11 context,  "what is objectively reasonable for a pro se litigant

2   and for an attorney may not be the same." *Bus. Guides, Inc. v. Chromatic Commc'n Enter., Inc.*, 892

3   F.2d 802, 811 (9th Cir. 1989).  The entire complaint need not be frivolous to merit Rule 11 sanctions.

4   *Townsend*, 929 F.2d at 1363-64.

5       Fresno Unified contends that Mr. Quintero's claims are factually baseless and that he failed to

6   conduct a reasonable and competent inquiry before filing his first amended complaint because he failed

7   to allege additional facts to support his claims despite this Court's clear directive in its prior order that

8   his claims were factually insufficient.  This Court agrees.  In Mr. Quintero's original complaint he

9   alleged two causes of action, a Title VI and a Title VII claim.  This Court was clear in dismissing Mr.

10   Quintero's Title VI claim that he failed to allege sufficient facts to support his intentional discrimination

11   claim.  In Mr. Quintero's first amended complaint he alleged the same Title VI claim with additional

12   facts but again failed to allege sufficient facts.  With regard to Mr. Quintero's Title VII claim, this Court

13   dismissed the claim because Mr. Quintero failed to allege an employment relationship.  In Mr.

14   Quintero's first amended complaint he pled the same Title VII claim, verbatim.  He also pled an

15   additional Title VII claim but again failed to allege an employment relationship.

16       This Court's order dismissing Mr. Quintero's initial complaint contains the law Mr. Quintero

17   needed to state a claim as well as direction as to what facts Mr. Quintero needed to allege in order to

18   state a claim.  Despite this direction, Mr. Quintero again pled factually insufficient claims and failed to

19   make any changes to his second cause of action.  In addition, Mr. Quintero's opposition to Fresno

20   Unified's motion to dismiss is nearly identical to the opposition submitted in *Earl v. Fresno Unified Sch.*

21   *Dist.*[2] (Doc. 30, p. 4) which lends further support to the fact that Mr. Quintero did not conduct a

22   reasonable and competent inquiry before submitting his first amended complaint or in opposing Fresno

23   Unified's motion to dismiss.

24       Given the Court's clear direction in its prior order, this Court finds that Mr. Quintero's first,

25   second, and third causes of action in his first amended complaint are factually baseless from an objective

26

27      [2] This Court GRANTS Fresno Unified's request to take judicial notice of the opposition filed in *Earl v. Fresno Unified Sch. Dist.*, Case No. 1:11-cv-01568-LJO-GSA.  (Doc. 30, p. 4).  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442

28   F.3d 741, 746 n.6 (9th Cir. 2006) (recognizing that a Court "may take judicial notice of court filings and other matters of public record").

1    perspective and that he failed to conduct a reasonable and competent inquiry before filing his first

2    amended complaint.  Mr. Quintero's status as a pro se litigant does not alter this analysis because an

3    objectively reasonable pro se litigant would have followed this Court's direction in its prior order or

4    chose not to amend the complaint.  *See Bus. Guides, Inc.*, 892 F.2d at 811 ("what is objectively

5    reasonable for a pro se litigant and for an attorney may not be the same").  Accordingly, Rule 11

6    sanctions are warranted for the frivolous filing.[3]

7    **2. Improper Purpose**

8          Fresno Unified also contends that Rule 11 sanctions are warranted because Mr. Quintero filed

9    his first amended complaint for the improper purpose of harassment.  Although this Court has already

10   found that sanctions are warranted on the basis of frivolousness, this Court must also analyze Fresno

11   Unified's improper purpose argument because whether a filing "is only frivolous or both harassing and

12   frivolous could affect the nature of the sanction . . ."  *Townsend*, 929 F.2d at 1362.

13         "As with frivolous pleadings, whether a paper is filed for an improper purpose is tested by

14   objective standards."  *G.C. and K.B. Inv., Inc. v. Wilson*, 326 F.3d 1096, 1110 (9th 2003) (internal

15   quotation marks omitted).  "[S]uccessive complaints based upon propositions of law previously rejected

16   may constitute harassment under Rule 11."  *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 832 (9th Cir.

17   1986), *overruled on other grounds*, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990).  "For a

18   claim of harassment to be sustained on the basis of successive filings, there must exist an identity of

19   parties involved in the successive claim, and a clear indication that the proposition urged in the repeat

20   claim was resolved in the earlier one."  *Id*. at 834.

21         This Court finds that Mr. Quintero's first amended complaint was filed for the improper purpose

22   of harassment.  As discussed above, this Court's order dismissing Mr. Quintero's initial complaint

23   contains the law Mr. Quintero needed to state a claim as well as direction as to what facts Mr. Quintero

24   needed to allege in order to state a claim.  The fact that Mr. Quintero ignored this direction and again

25   pled factually insufficient claims leads this Court to conclude that the first amended complaint was filed

26

27        [3] Fresno Unified complied with Rule 11(c)(2)'s safe harbor provision. Fresno Unified served Mr. Quintero with
     its motion for sanctions on March 14, 2013 (Doc. 28-1, p. 22) and filed its motion for sanctions with the Court on April 3,
28   2013 (Doc. 27).

1   to harass Fresno Unified.  Accordingly, sanctions are warranted based on the improper purpose prong

2   of Rule 11.

3   **3. Sanctions**

4        Fresno Unified requests the following sanctions: (1) an order dismissing the first amended

5   complaint with prejudice; (2) an order banning plaintiff from filing any further actions based upon the

6   same facts and claims; and (3) monetary sanctions in the amount of $6,480 payable to Fresno Unified

7   or the Court.

8        "The imposition of sanctions is a matter within the court's discretion." *Islamic Shura Council*

9   *of S. California v. F.B.I.*, 278 F.R.D. 538, 544 (C.D. Cal. 2011) (recognizing that the language of Rule

10  11 provides that if Rule 11 is violated the Court "may" impose appropriate sanctions).  "[T]he pro se

11  status of a violator may be relevant to the court's discretionary choice of the appropriate sanction in a

12  given case." *Bus. Guides, Inc.*, 892 F.2d at 811.  "A sanction imposed under [Rule 11] must be limited

13  to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."

14  FED. R. CIV. P. 11(c)(4).  The Ninth Circuit recognizes that "Rule 11 is an extraordinary remedy, one

15  to be exercised with extreme caution." *Operating Eng'r Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345

16  (9th Cir. 1988).

17       In light of this Court's finding that Mr. Quintero's first amended complaint is both frivolous and

18  filed for the purpose of harassment, this Court finds that monetary sanctions are appropriate.

19  Accordingly, this Court imposes a monetary sanction of $2,000 payable to Fresno Unified for the

20  attorney's fees and expenses it expended in opposing Mr. Quintero's first amended complaint. *See* FED.

21  R. CIV. P. 11(c)(4) (a sanction may include "an order directing payment to the movant of part or all of

22  the reasonable attorney's fees and other expenses directly resulting from the violation").  Mr. Quintero

23  is warned that should he persist in bringing similarly meritless suits against Fresno Unified, this court

24  will not hesitate to increase the amount of monetary sanctions imposed.  Judges in the Eastern District

25  of California carry the heaviest caseload in the nation.  Thus, this Court does not have the time or

26  resources to devote to frivolous or improper matters.

27       Within thirty (30) calendar days from the date of this order, Mr. Quintero SHALL pay Fresno

28  Unified $2,000 in attorney's fees and expenses.  This order is a judgment in the amount of $2,000 upon

1   which Fresno Unified may execute.

2   **B. Sanctions Pursuant to 28 U.S.C. § 1927 and this Court's Inherent Power**

3          Fresno Unified also requests sanctions pursuant to 28 U.S.C. § 1927 and this Court's inherent

4   power.  Because this Court finds that sanctions are warranted pursuant to Rule 11, there is no need to

5   address these requests.  *See In re DeVille*, 361 F.3d 539, 548 (9th Cir. 2004) (recognizing that invocation

6   of a court's inherent power to sanction requires a finding of bad faith while the imposition of Rule 11

7   sanctions requires only a showing of objectively unreasonable conduct); *see also MGIC Indem. Corp.*

8   *v. Moore*, 952 F.2d 1120, 1122 (9th Cir. 1991) (recognizing that sanctions pursuant to 28 U.S.C. § 1927

9   require a finding of bad faith).

10                              **CONCLUSION AND ORDER**

11         For the reasons discussed above, this Court VACATES the May 6, 2013, hearing or oral

12   argument, pursuant to Local Rule 230(g).

13         This Court GRANTS Fresno Unified's motion to dismiss.  Mr. Quintero's first, second, and third

14   causes of action are DISMISSED WITH PREJUDICE.  Mr. Quintero's fourth cause of action is

15   DISMISSED.  If Mr. Quintero wishes to pursue his fourth cause of action he must do so in state court.

16   He may not re-file his claim in federal court.

17         With regard to Fresno Unified's motion for sanctions, this Court GRANTS Fresno Unified's

18   motion for sanctions, in part, pursuant FED. R. CIV. P. 11.  Within thirty (30) calendar days from the date

19   of this order, Mr. Quintero SHALL pay Fresno Unified $2,000 in attorney's fees and expenses.  This is

20   not intended to include statutory costs due to defendant.  This order is a judgment in the amount of

21   $2,000 upon which Fresno Unified may execute.

22         This Court DECLINES to address Fresno Unified's request for sanctions pursuant to 28 U.S.C.

23   § 1927 and this Court's inherent power.

24         The Clerk is DIRECTED to close this action.

25

26         IT IS SO ORDERED.

27   **Dated:   May 1, 2013          /s/  Lawrence J. O'Neill**
                              UNITED STATES DISTRICT JUDGE

28